McKinney, J.,
delivered the opinion of the court.
This was an inquisition of lunacy. The ground of the proceeding, as set forth in the petition to the county court, is, that Sarah Cooper, “ from sickness and old age, is entirely incapable of taking care of herself, and for want of the proper exercise of her mind and memory, *455 is liable to be cheated and defrauded out of her property,” &c. The petition shows that said Sarah is the owner of four slaves and other personal property, and that she is seventy-five years of age. Upon this application the county court made an order, directing the sheriff to summon a jury of twelve freeholders to ascertain the lunacy of said Sarah Cooper. The jury found that she was a lunatic. The inquisition was received by the court, and ordered to be entered of record, but no guardian was appointed.
On behalf of the supposed lunatic, an appeal was prosecuted to the circuit court. In the circuit court a motion was made by the counsel of Summers, to strike the case from the docket upon the ground that an appeal would not lie in such a case. The court refused this motion, and proceeded to affirm the proceedings of the jury and of the county court, and the case is brought here by an appeal in error.
The first and principal question for our consideration, is, will an appeal lie in a case like the present? This question was incidentally considered and decided in the affirmative in the case of Thomason vs. Kerchival, 10 Humph., 322. Under the act of 1844, ch. 99, the question is free from all doubt. By the provisions of that act, when any person may conceive himself “aggrieved oy any decree or decision of any county court in this State,” it shall be lawful for such person “ to ask for and obtain an appeal. from the decision or judgment of said county court to the circuit court,” &c Upon the return of an inquisition of lunacy the county court must act; it must either receive or reject the inquisition; and from its “decree or decision,” be it either *456 way, an appeal will lie by the express terms of the act.
In the present case, the record shows that the inquisition was received by the court, and ordered to be entered upon'its records. This was such an order, or “decision,” as an appeal would lie from to the circuit court. It is certainly true that ujoon common law principles an appeal would not be maintainable in the present case, neither would a writ of error. The jurisdiction conferred upon the county court by the act of 1797, ch. 41, § 1, over the persons and estates of “idiots and lunatics,” being a special jurisdiction, created and regulated by the statute, and not a jurisdiction properly belonging to the court as a court of record, proceeding according to the course of the common law, no appeal or writ of error could be maintained from the sentence or judgment of the court, in the exercise of such special statutory jurisdiction, in the absence of an express provision to that effect. The remedy would be, (if no appeal or writ of error were given by statute,) the writ of certiorari, which has been adopted ’ in our practice as the almost universal method by which the circuit court, as a court of general jurisdiction, exercises control over all inferior jurisdictions, however constituted and whatever their course of proceeding. 11 Humph., 249, 252. But in the present case, the appeal gitpn by statute can only operate as an appeal in error, or.\Writ of error proper. Upon such appeal the circuit court can only revise the proceedings of the county court, and affirm, or reverse and set aside the same as may be proper.
Upon a judgment of reversal the circuit court has no jurisdiction, either to empannel a jury to enquire *457 into the fact of lunacy, or to award a writ of inquisition to tlie slieriff de novo. This jurisdiction is exclusively in the county court.
The entire proceedings in the present case are erroneous, and ought to have been quashed for various reasons; but chiefly upon the ground that the case stated in the petition was not within the jurisdiction conferred upon the county court by the act of 1797. That jurisdiction is limited to “ idiots and lunatics,” and does not extend to persons disabled by sickness or age, from taking care of themselves, or their estates. The act of 1852, ch. 163, has very wisely given the chancery court concurrent jurisdiction with the county court, over the persons and estates of idiots and lunatics, and has extended the jurisdiction of the chancery courts to all “other persons of unsound mind.”
The judgment of the circuit court will be reversed, and the entire proceedings of the county court, including the inquisition of the jury, will be set aside and quashed.